**David Marshall WOODWARD,**
**Petitioner–Appellant,**

v.

**Michael HEREDIA, Warden,**
**Respondent–Appellee.**

No. 09–2059.

United States Court of Appeals,
Tenth Circuit.

Aug. 18, 2009.

---

David Woodward, Las Cruces, NM, pro se.

Mark Joseph Lovato, Esq., Office of the Attorney General, Albuquerque, NM, for Respondent–Appellee.

Before KELLY, BRISCOE, and HOLMES, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

PAUL KELLY, JR., Circuit Judge.

David Marshall Woodward, a state inmate appearing pro se, seeks a certificate of appealability (COA) to appeal from the district court's order denying his 28 U.S.C. § 2241 petition.[1] *See Montez v. McKinna,* 208 F.3d 862, 867 (10th Cir.2000) (requiring COA). In order to receive a COA, Mr. Woodward must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Because he has not made this showing, we deny the request for a COA and dismiss the appeal.

In 1991, Mr. Woodward was convicted of first-degree murder (and other offenses), and in 1992 he was sentenced to life imprisonment. *See* R. Doc. 8, at Ex. A. Mr. Woodward has accumulated good time credits during his incarceration. *See* R. Doc. 8, at Ex. B. The difficulty is that prison officials refused to apply those credits to Mr. Woodward's parole eligibility date. He says that he has been denied a protected liberty interest and challenges the conditions of his confinement. *See* R. Doc. 1. A magistrate judge recommended denial of Mr. Woodward's petition, concluding that *Compton v. Lytle,* 134 N.M. 586, 81 P.3d 39 (2003), was controlling and that there was no "state-created statutory right to good time credits for capital felons." R. Doc. 9, at 4–5. After considering Mr. Woodward's objections, *see* R. Doc. 10, the district court adopted the magistrate's recommendation and denied Mr. Woodward's petition with prejudice, R. Docs. 11, 12.

Various statutes are pertinent. First, N.M. Stat. § 31–21–10(A) provides that an inmate sentenced to life will only become eligible for a parole hearing after he has served thirty years of his sentence. Second, as Mr. Woodward points out in his original petition for writ of habeas corpus, N.M. Stat. § 33–2–34 and § 33–8–14 (repealed 1999) provide inmates with the opportunity to earn good time credits.

Clarifying what could be construed as a conflict between these statutes, in *Compton,* the New Mexico Supreme Court held that, with § 31–21–10(A), "the Legislature intended that an inmate serving a life sentence should not be released on parole prior to serving thirty years in prison, no matter how many good-time credits that inmate may have accumulated." 81 P.3d at 44. Relying on *Stephens v. Thomas,* 19

---

1. We note that the district court's order characterizes Mr. Woodward's petition as arising under 28 U.S.C. § 2254. *See* R. Doc. 11. However, Mr. Woodward actually filed for relief pursuant to 28 U.S.C. § 2241. *See* R. Doc. 1. Because the district court adopted the magistrate's findings and recommendations, *see* R. Docs. 9, 11, which clearly recommend denial of Mr. Woodward's motion under 28 U.S.C. § 2241, we find the error harmless given our result.

462

F.3d 498, 501 (10th Cir.1994), and *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996), the court further held that a state prisoner "does not have a liberty interest in having erroneously granted past or future good-time credits reduce his parole-eligibility date beneath that thirty-year period." *Compton*, 81 P.3d at 46–47; *see Martinez v. New Mexico*, 108 N.M. 382, 772 P.2d 1305, 1305–06 (1989) (holding that an inmate sentenced to life imprisonment is not entitled to have the mandatory thirty-year sentence reduced based on good time credits). In light of these precedents, Mr. Woodward's claim is not reasonably debatable. *See Davis v. Bravo*, 22 Fed. Appx. 971 (10th Cir.2001) (unpublished) (denying a COA on similar claim as foreclosed by circuit precedent). To the extent that Mr. Woodward is attempting to ask this court to reexamine a question of state law, we are limited to determining "whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Therefore, we agree with the district court that Mr. Woodward has no basis for asserting a federal due process claim based on the refusal of corrections officials to apply good time credits to his parole eligibility date. *See Stephens*, 19 F.3d at 501 ("The revocation of good time credits from a life term prisoner who has served less than [thirty] years of his sentence . . . does not implicate the Due Process Clause.").

We DENY a COA and DISMISS the appeal.